Peck, P. J.
The principal issue in this proceeding to settle the account of an executor is whether the estate is to be divided among decedent’s three children, the appellant and respondents, or between respondents alone.
Appellant is decedent’s son by a first marriage, respondents are the children of a second marriage. It appears that, while a friendly and affectionate relationship existed between appellant and his father, appellant did not, since early childhood and the remarriage of his father, live in his father’s household. It also appears that decedent’s second wife desired that their property, after their deaths, be divided between her children and that, although decedent was reluctant to disinherit his oldest child, the wife was adamant. According to the testimony of an attorney who was called upon to carry out their intent, mutual wills were drawn, the wife leaving the balance of her estate, after the bequest of a savings bank deposit to her children, in trust to pay the income, after payment of premiums on certain life insurance policies on his life, to decedent for life, and the principal thereafter to her children, and decedent leaving his entire estate to the wife, if she survived him, and in the event of her prior death to their two children. The attorney also testified that he was advised that no provision should be made for appellant because he had ample means of his own but that a precatory request was to be incorporated in decedent’s will expressing a desire that appellant receive assistance if he be in need.
The wife’s will was executed on September 14, 1942. According to the testimony of the attorney, decedent called at his office on September 16,1942, and was shown a copy of his wife’s will and his proposed will and a letter which his wife wanted him to sign. Decedent then executed the will and signed the letter addressed to his wife as follows:
“ September 16th, 1942.
DearYetta:
This is to confirm our agreement, as follows:
You have under date of September 14, 1942, made a Will whereby you have bequeathed and devised to me the entire net *741 income of yonr estate after the payment of certain premiums, if any, on life insurance carried by me. You have done so in the knowledge that if you should predecease me I will leave my entire estate to our children Max Levin and Belle Burrill. I have this day made a Will in which I have devised and bequeathed my entire residuary estate to our children Max and Belle in the event that you should predecease me.
This letter is to confirm my agreement that in the event that you should predecease me, and that at the time of your death you should not have revoked your said Will made on September 14, 1942, I will not revoke or alter my said will made today.
Affectionately,
Morris Levin ”
The wife died on April 26, 1944, and her property was disposed of in accordance "with her will of September 14, 1942. Two years after her death decedent executed a new will revoking his will of September 16, 1942, and leaving his estate in equal shares to appellant and respondents. The question is whether, in accordance with the terms of that will, appellant is entitled to his one third of the estate, or whether, by virtue of the alleged agreement between decedent and his second wife, the estate is committed to respondents alone. The learned Surrogate stated that he was satisfied that the testimony of the attorney was truthful and found that there was a valid agreement between decedent and his wife by which decedent was obliged to leave his estate to respondents.
Appellant contends that the Statute of Frauds, particularly subdivisions 1 and 7 of section 31 of the Personal Property Law, which require that agreements not to be performed before the end of a lifetime or agreements to bequeath property or make a testamentary provision of any kind be in writing, bar the agreement here because there is no complete memorandum of the agreement and parol evidence was inadmissible to fill it in. The point is that there is a discrepancy between the written agreement, being decedent’s letter to his wife, and the wife’s will, in that the agreement is based upon the stated understanding that the entire net income of the wife’s estate, after the payment of certain insurance premiums, would be bequeathed to decedent, whereas the vife’s will excepted from the bequest a savings bank account amounting to $4,000, which was a substantial percentage of her estate. Parol evidence was taken and was a necessary link in the chain of respondents’ proof —■ the testimony of the attorney that decedent was shown *742 and understood the contents of his wife’s will and that it was at variance with the terms of his letter, which is the memorandum of the agreement relied on by respondents to satisfy the Statute of Frauds. Appellant contends that the parol evidence was not admissible and without it the writing must fall for lack of completeness.
We agree with appellant. It is settled law that a memorandum sufficient to satisfy the Statute of Frauds must in itself or by reference to other writings be complete, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence. If the letter of decedent to his wife had not stated the understood terms of the wife’s will and merely referred to the will by date, the reference alone might have been sufficient to complete and sustain the agreement. The difficulty here is that the memorandum goes further and sets forth the terms of the supposed will and consideration for the agreement, which were that the net income of the wife’s entire estate, excepting only. the cost of certain insurance premiums, was to go to decedent. The variance between the will and the terms stated in the agreement may not be disregarded. The letter and the will taken together leave a gap which requires explanation and reconciliation. Respondents could not rest on the letter and will alone but were required in reconciliation to show that decedent knew and understood the terms of his wife’s will. This they attempted to do with testimony and their case is dependent upon parol evidence to establish the agreement upon which they rely. That agreement is something different from the letter, an alleged agreement to accept something less than the written agreement provides. Such parol evidence is not admissible.
It was not merely connecting testimony of the attorney that the will of September 14, 1942, was the will referred to in the memorandum; it was testimony to establish that decedent knew and understood that the provisions of his wife’s will were different from the understanding stated in the memorandum and were accepted by him. Such testimony necessarily presents an issue of credibility, and the Surrogate perforce passed upon that issue of credibility and accepted the testimony. We do not suggest that in doing so he erred in fact, but he erred in law in receiving the testimony at all. The purpose underlying the Statute of Frauds is to protect certain transactions from the risks of fraud in parol evidence by immunizing them altogether from such evidence.
*743 In fairness to the Surrogate it should be said that the Statute of Frauds was not specifically raised before him, but objection was made to the admission of the testimony. In a proceeding of this nature which does not arise on ordinary pleadings, and which involves the validity of an agreement, all considerations of its validity remain open and we find the point now made compelling and conclusive.
The other issues in the case are questions of fact and the record would not justify our rejecting the Surrogate’s findings.
The decree should be modified to declare invalid the agreement by which appellant was excluded from sharing in the estate and as so. modified, the decree should be affirmed, with costs to appellant.
Dore, Cohn and Van Voorhis, JJ., concur; G-lennon, J., dissents and votes to affirm.
Decree, so far as appealed from, modified insofar as to declare invalid the agreement by which appellant was excluded from sharing in the estate and, as so modified, affirmed, with costs to the appellant. Settle order on notice. [See 277 App. Div. 758.]